**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue
Wantagh, New York 11793
(516) 826-6500
Jordan Pilevsky, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:

                                            Chapter 7

LUCIA ANTOLINO a/k/a LUCIA TISOC,      Case No.: 15-45777 (ESS)

               Debtor.
-------------------------------------------------------------x

**MOTION OF THE CHAPTER 7 TRUSTEE SEEKING THE ENTRY OF AN ORDER AUTHORIZING AND APPROVING: (I) AN AUCTION SALE FOR THE REAL PROPERTY LOCATED AT 455 MARLBOROUGH ROAD, BROOKLYN, NEW YORK 11216, DESIGNATED BLOCK 5179, LOT 77, FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES, WITH SUCH LIENS, CLAIMS AND ENCUMBRANCES TO ATTACH TO THE PROCEEDS OF SALE AND (II) THE <u>BIDDING PROCEDURES FOR THE REAL PROPERTY</u>**

**To:    The Honorable Elizabeth S. Stong**
        **United States Bankruptcy Judge**
        **United States Bankruptcy Court**
        **Eastern District of New York:**

Gregory Messer, Esq., the Chapter 7 Trustee (the "**Trustee**") of the bankruptcy estate of Lucia Antolino a/k/a Lucia Tisoc (the "**Debtor**"), by his attorneys, LaMonica Herbst & Maniscalco, LLP, in support of his motion (the "**Motion**") seeking the entry of an Order pursuant to 11 U.S.C. §§ 105(a), 363 and 365 (the "**Bankruptcy Code**") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") authorizing and approving: (i) an auction sale (the "**Auction Sale**") of the Debtor's real property located at, and known as, 455 Marlborough Road, Brooklyn, New York 11216, designated block 5179, Lot 77 (the "**Real Property**") to the highest or best bidder, free and clear of all liens, claims and encumbrances (the "**Liens**"), if any, with such Liens to attach to the proceeds of sale in the same priority and extent as they existed on the date the Debtor filed for bankruptcy; (ii) the bidding

procedures for the Real Property (the "**Bidding Procedures**"); and (iii) granting such other and further relief as this Court deems necessary.

## Jurisdiction and Statutory Predicates

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Eastern District of New York dated August 28, 1986.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief requested herein, include, *inter alia,* Sections 105(a), 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.

## Background

### A. Procedural History

5. On December 30, 2015 (the "**Petition Date**"), the Debtor filed a voluntary petition (the "**Petition**") for relief pursuant to Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "**Court**").

6. On February 10, 2016, the Debtor filed her schedules of assets and liabilities (the "**Schedules**") and her statement of financial affairs (the "**SOFA**").

7. By Notice of Appointment, Gregory Messer, Esq. was appointed the interim Chapter 7 Trustee of the estate and has since duly qualified by operation of law as the permanent Trustee of the Debtor's bankruptcy estate.

8. On March 30, 2016, the Debtor obtained her discharge.

9. By Order dated March 10, 2016 [Dkt. No. 34], Maltz Auctions, Inc., d/b/a Maltz Auctions (the "**Auctioneer**") was retained and employed to market and auction the Real Property.

**B.     The Real Property**

10. By deed dated June 28, 2006, and recorded on July 31, 2006, the Debtor and her former spouse (the "**Ex-Spouse**") purchased the Real Property for the sum of $965,000.00.

11. By instrument dated June 28, 2006, and recorded on July 31, 2006, the Debtor and the Ex-Spouse granted a first priority mortgage secured against the Real Property in favor of MERS Reg. System, Solely as Nominee for America's Wholesale Lender in the original principal amount of $489,650.00.

12. By instrument dated September 5, 2006, and recorded on November 14, 2006, the Debtor and the Ex-Spouse granted a mortgage secured against the Real Property in favor of MERS Reg. System, Solely as Nominee for America's Wholesale Lender ISAOA, ATIMA in the original principal amount of $145,571.28.

13. By consolidation, extension, and modification agreement dated September 5, 2006, and recorded on November 14, 2006, the two aforementioned mortgages were consolidated to form a single first priority mortgage lien secured against the Real Property in the principal amount of $635,000.00 (the "**Mortgage**").

14. By assignment dated March 1, 2012, and recorded on March 19, 2012, the Mortgage was assigned to The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificate holders of the CWABS, Inc., asset-backed certificates, series 2006-19 (the "**Lender**").

15. Indeed, on Schedule D to her Petition, the Debtor lists the Mortgage with an outstanding amount due of $762,173.45 as of June 30, 2011.[1]

16. On Schedule D to her Petition, the Debtor also lists a second mortgage in favor of Bank of America, N.A. in the secured amount of $98,767.80. However, a review of ACRIS reveals that this mortgage was satisfied several years prior to the Petition Date. Specifically, by Credit Line Mortgage dated October 11, 2007, and recorded on November 1, 2007, Bank of America, N.A. was granted a secured lien against the Real Property in the amount of $100,000.00. By Satisfaction of Mortgage dated November 30, 2012, and recorded on December 6, 2012, this mortgage was satisfied and discharged.

17. Based on a title report obtained by the Trustee, there appears to be a money judgment secured against the Real Property in the approximate amount of $70.000.00 and several New York State tax warrants in the aggregate, approximate amount of $120,000.00.[2]

18. By deed dated September 6, 2011, the Ex-Spouse transferred his interest in the Real Property to the Debtor. Upon information and belief, this transfer was effectuated in connection with the Debtor's divorce proceedings. As a result, the Debtor is the sole owner of the Real Property. On her Schedules, the Debtor states her intention to surrender the Real Property. Further, the Debtor does not reside at the Real Property and did not claim a homestead in connection therewith.

19. Significantly, on her Schedules the Debtor valued the Real Property at $1,715,532.00. Indeed, the Trustee's independent review of online records and communications with the Auctioneer confirm that the Real Property has significant value. As such, significant

---

[1] The Trustee is awaiting an updated payoff from the Lender on account of the Mortgage.

[2] The Trustee may seek to subordinate the tax liens pursuant to Section 724(b) of the Bankruptcy Code.

4

equity remains in the Real Property above and beyond the Mortgage and various secured judgments that may be liquidated and administered for this estate and its creditors.

### C.     The Public Auction

20.     Since his appointment, the Trustee and his professionals have been exploring the possibility of selling the Real Property for the benefit of creditors. Based on documents reviewed by the Trustee related to the Real Property, communications with the Auctioneer and an independent online search of the valuation of the Real Property, the Trustee believes that a sale of the Real Property will result in a purchase price in excess of the Mortgage and non-consensual liens.

21.     The Trustee intends on marketing the Real Property for sale by public auction sale. The auction sale shall offer the Real Property for sale "as is", "where is" and free and clear of all liens, claims and encumbrances of whatever kind or nature, with any such liens to attach to the proceeds of sale in the order and priority as they existed on the Petition Date.

22.     As a result, it is anticipated that there will be strong interest by potential buyers to acquire the Real Property. Accordingly, the Trustee respectfully requests that the Court authorize and approve the sale of the Real Property by public auction.

### D.     The Bidding Procedures

23.     In order to facilitate an orderly sale of the Real Property, the Trustee submits that the Court approve the Bidding Procedures, pursuant to which competing bids for the Real Property will be solicited. A copy of the Bidding Procedures is annexed as **Exhibit "A"**.

24.     Pursuant to the Bidding Procedures, in order to be permitted to bid on the Real Property all prospective bidders must deliver to the Auctioneer, a certified or bank check, in the amount of One Hundred and Ten Thousand ($110,000.00) (the "**Qualifying Deposit**"), payable

to the Trustee prior to the commencement of the Auction Sale, which amount shall serve as a partial good faith deposit against payment of the purchase price. The Trustee will return any Qualifying Deposit to any unsuccessful bidder immediately after the conclusion of the Auction Sale.

25. The Successful Bidder (as that term is defined in the Bidding Procedures) shall (a) deliver a certified check, or bank check, in an amount of at least 10% of the bid price minus the Qualifying Deposit (the "**Down Payment**") plus the applicable 4% auctioneer's buyer's premium (the "**Buyer's Premium**") within 48 hours of the Auction Sale; and (b) pay the Balance (that being defined as the difference between the successful bid and the Qualifying Deposit and Down Payment) of the purchase price for the Real Property to the Trustee at the closing of title to the Real Property (the "**Closing**").

26. Further, the Bidding Procedures provide for terms and procedures for closing on the sale of the Real Property. The Successful Bidder must close title to the Real Property at a date that is thirty (30) calendar days after the entry of an Order (the "**Approval Order**") approving the sale of the Real Property to the Successful Bidder by the Bankruptcy Court (the "**Closing Date**") although such date may be extended solely by the Trustee in his discretion. No transaction shall be deemed final until approved by the Court. The Court and all interested parties are respectfully referred to the Bidding Procedures for its more precise terms.

27. The Trustee believes that the proposed Bidding Procedures provide an appropriate framework for selling the Real Property in an orderly and timely fashion and will enable the Trustee to review, analyze and compare all of the bids received to determine which bid is in the best interest of the Debtor's estate, its creditors and interest holders, and which bid represents the highest or best offer made for the Real Property. Immediately following the Auction Sale, the

Trustee intends on submitting an order to the Court confirming the sale of the Real Property. Upon Court approval, the Trustee is ready, willing and able to move forward with the sale and to close on the Real Property. Accordingly, the Trustee respectfully submits that the Bidding Procedures should be approved.

### E.    Shortened Notice and Service

28.    Under Bankruptcy Rules 2002(a) and (c) and 6004, the Trustee is required to notify creditors and certain other parties in interest of the sale of the Real Property, including the disclosure of the time and place of the Auction Sale, and the terms and conditions of the sale and other relevant deadlines. The Trustee submits that service of this Motion, including all exhibits thereto, on all known creditors and the parties listed below, complies with Bankruptcy Rule 2002(c). The Trustee intends to serve the Motion, with exhibits, upon: (i) the Office of the United States Trustee; (ii) the Debtor and her counsel; (iii) any known tenants of the Real Property and their counsel, if any; (iv) all those parties who may have an interest in the Real Property; (v) all those persons who have formally appeared and requested service in this proceeding pursuant to Bankruptcy Rule 2002 or any other party required to be served pursuant to an order entered by this Court; (vi) all known creditors of the Debtor's estate; (vii) all government agencies required to receive notice of proceedings under the Bankruptcy Rules; and (viii) all taxing authorities whose rights may be affected by the sale of the Real Property.

29.    The Trustee respectfully requests that this Court hear this Motion on shortened notice. Pursuant to Federal Rule of Bankruptcy Procedure 9006 and Local Bankruptcy Rule 9077, the Trustee respectfully requests that the Court shorten notice of this Motion because the Trustee would like to conduct a public auction sale of the Real Property in November. Specifically, the Trustee's retained auctioneer has already identified and scheduled a multi-

property auction sale date on November 10, 2016. The auctioneer has informed the Trustee that such multi-property auctions produce a large crowd of bidders that prefer to attend auctions when several properties are being auctioned simultaneously. The Trustee believes that this would benefit the Debtor's estate and its creditors. Moreover, the next possible date for an auction sale of this type would likely not take place until late January given the Holiday season that takes place from late November through New Year's Day. Waiting until late January will allow for interest and late fees to the secured creditors to accrue. Rather, an auction sale in November will allow the Trustee to maximize value for the estate. The Trustee believes that the ability to immediately proceed to sale and then to closing upon this Court's approval and authorization will preserve and maximize the value of the Real Property. The Trustee believes that an auction sale of the Real Property will bring competitive bidding and result in the highest and best offer for the benefit of the estate and its creditors. As such, the Trustee believes that cause exists for this Motion to be heard by this Court on shortened notice.

## Legal Authority for the Relief Requested

30. The Trustee submits that ample authority exists for the approval of the Motion and proposed sale. Section 363(b)(1) of the Bankruptcy Code authorizes a trustee to use, sell, or lease, other than in the ordinary course of business, property of the estate. Section 105(a) of the Bankruptcy Code provides in relevant part: "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. §105(a). The Trustee proposes to sell the Real Property free and clear of all liens, claims, encumbrances and interests. Under Section 363(f) of the Bankruptcy Code, the Trustee may sell property of the estate free and clear of any interest in such property of an entity other than the estate only if, at least one of the following conditions is satisfied:

      (a)      applicable nonbankruptcy law permits sale of such property free and clear of such interest;

      (b)      such entity consents;

      (c)      such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

      (d)      such interest is in bona fide dispute; or

      (e)      such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. §363(f).

31. Since Section 363(f) of the Bankruptcy Code is drafted in the disjunctive, satisfaction of any one of its five requirements will suffice to approve the sale of the Real Property "free and clear" of liens, claims, encumbrances and interests. See 11 U.S.C. § 363(f); Mich. Employment Sec. Comm'n v. Wolverine Radio Co. (In re Wolverine Radio Co.), 930 F.2d 1132, 1147 n.24 (6th Cir. 1991) (recognizing that Section 363(f) of the Bankruptcy Code is written in disjunctive, and holding that court may approve sale "free and clear" provided that at least one subsection of section 363(f) is met), cert. dismissed, 503 U.S. 978 (1992); Citicorp Homeowners Servs., Inc. v. Elliot (In re Elliot), 94 B.R. 343, 345 (E.D. Pa. 1988) (same).

32. The standard for approval of a sale of the Real Property under Section 363 of the Bankruptcy Code is easily met because a Chapter 7 trustee has a statutory duty to liquidate assets expeditiously. See 11 U.S.C. §704(a)(1). Furthermore, an Auction Sale is permissible as Bankruptcy Rule 6004(f)(1) provides in relevant part that "[a]ll sales not in the ordinary course of business may be by private sale or by public auction." Chapter 7 Trustees often exercise authority to sell debtors' assets. In re Stein, 281 B.R. 845, 848 (Bankr. S.D.N.Y. 2002 (discussing the chapter 7 trustee's right to sell the assets of the debtor under the Bankruptcy

Code); In re Bakalis, 220 B.R. 525, 531-32 (Bankr. E.D.N.Y. 1998) (explaining the chapter 7 trustee's authority to conduct the sale of the debtor's assets).

33. The Trustee has substantial business justification for the proposed sale of the Real Property. The Trustee believes that an Auction Sale will enable the estate to realize value from the Real Property for the benefit of the Debtor's creditors.

34. The Trustee, on behalf of the Debtor's estate, in the exercise of his reasonable business judgment, recommends that the Court approve the sale of the Real Property.

35. The Trustee further submits that the Auctioneer will provide for adequate marketing of the Real Property.

36. Pursuant to Section 363(m) of the Bankruptcy Code provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. §363(m).

37. While the Bankruptcy Code does not define "good faith", the United States Court of Appeals for the Second Circuit has held that:

> [The] good faith of a purchaser is shown by the integrity of his conduct during the course of the sale proceedings; . . . A purchaser's good faith is lost by "fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders."

Licensing by Paolo, Inc. v. Sinatra (In re Gucci), 126 F.3d 380, 390 (2d Cir. 1997) (citations omitted).

38. The Trustee submits that the sale of the Real Property pursuant to the Bidding Procedures will be conducted in an arm's length transaction, in which the Trustee and

prospective bidders will have at all times acted in good faith under applicable legal standards. In furtherance of Section 363(m) of the Bankruptcy Code, the terms as set forth in the Bidding Procedures, the Auction Sale, and ultimately, the approval of a Successful Bidder are designed to ensure that maximum value is to be received by the Trustee, and simultaneously allow prospective purchasers to bid at the Auction Sale. As such, the Bidding Procedures and the Auction Sale are proposed by the Trustee in good faith. Accordingly, the Trustee submits that the ultimate purchaser is entitled to the protections of a good faith purchaser under Section 363(m) of the Bankruptcy Code.

39. In accordance with the Trustee's statutory duty and the circumstances of this case, a prompt sale of the Real Property is demonstrably the best way to preserve and maximize the value of the Real Property for the benefit of creditors. Accordingly, a sound business reason exists for the sale of the Real Property pursuant to the proposed Bidding Procedures and the Auction Sale.

## Conclusion

40. Based upon the foregoing, the Trustee respectfully requests entry of an Order, a copy of which is annexed as **Exhibit "B"**, pursuant to 11 U.S.C. §§ 105(a), 363 and 365 and Bankruptcy Rules 2002 and 6004 authorizing and approving (i) the Auction Sale of the Real Property; (ii) the Bidding Procedures for the Real Property; and (iii) granting such other and further relief as this Court deems necessary.

41. No previous request for the relief sought herein has been made by the Trustee to this or to any other Court.

**WHEREFORE**, the Trustee respectfully requests entry of an Order, granting the relief requested in the Motion and for such other relief as this Court deems just and proper.

Dated: September 27, 2016
       Wantagh, New York

                              **LaMonica Herbst & Maniscalco, LLP**
                              Attorneys for the Chapter 7 Trustee

          By:     ***s/ Jordan Pilevsky***
                    Jordan Pilevsky, Esq.
                    A Partner of the Firm
                    3305 Jerusalem Avenue, Suite 201
                    Wantagh, New York 11793
                    (516) 826-6500

*M:\Documents\Company\Cases\Antolino, Lucia\Sale Motion\NOM and Motion.doc*