# BIDDING PROCEDURES

1. These bidding procedures (the "**Bidding Procedures**") are being promulgated in connection with the public auction sale (the "**Auction Sale**") of real property known as, and located at, 455 Marlborough Road, Brooklyn, New York 11216, designated block 5179, Lot 77 (the "**Real Property**").

2. The seller of the Real Property is Gregory Messer, Esq., solely in his capacity as the Chapter 7 Trustee (the "**Trustee**") of bankruptcy estate of Lucia Antolino a/k/a Lucia Tisoc (the "**Debtor**"), which Chapter 7 case is pending before the United States Bankruptcy Court for the Eastern District of New York (the "**Bankruptcy Court**"), assigned case number 15-45777 before the Honorable Elizabeth S. Stong, United States Bankruptcy Judge. The sale of the Real Property is being conducted pursuant to Sections 363(b), (d), (f), (k) and (m) of the Bankruptcy Code and is subject to approval by the Bankruptcy Court.

3. The Auction Sale will be held on at a time and a location to be announced and posted on the Auctioneer's website (www.maltzauctions.com) at least 30-days prior to the scheduled Auction Sale. The Trustee reserves the right to change the location, date and/or time of the Auction Sale.

4. It is understood that in order to be permitted to bid on the Real Property all prospective bidders must deliver to Maltz Auctions, Inc., d/b/a Maltz Auctions, the Trustee's duly retained auctioneer (the "**Auctioneer**"), a certified or bank check, in the amount of One Hundred and Ten Thousand ($110,000.00) (the "**Qualifying Deposit**"), payable to the order of "Gregory Messer, Esq., as Chapter 7 Trustee" prior to the commencement of the Auction Sale, which amount shall serve as a partial good faith deposit against payment of the purchase price. The highest bidder at the Auction Sale (the "**Successful Bidder**") must execute and agree to be bound by (i) these Bidding Procedures and (ii) a Memorandum of Sale, a copy of which is annexed hereto. The Trustee or his representative will return any Qualifying Deposit to unsuccessful bidder(s) immediately after the conclusion of the Auction Sale.

5. The Successful Bidder shall (a) deliver to the Auctioneer a certified check or bank check, payable to "Gregory Messer, Esq. as Chapter 7 Trustee", in an amount of at least 10% of the successful bid price minus the Qualifying Deposit (the "**Down Payment**") plus the applicable 4% buyer's premium of the Auctioneer (the **"Buyer's Premium"**) within 48 hours of the Auction Sale and (b) pay the Balance (that being defined as the difference between the successful bid and the Qualifying Deposit and Down Payment) of the purchase price for the Real Property to the Trustee by certified check or bank check at the closing of title to the Real Property (the "**Closing**"). The Successful Bidder must close title to the Real Property at a date that is thirty (30) days after the entry of an Order (the "**Approval Order**") approving the sale of the Real Property to the Successful Bidder by the Bankruptcy Court (the "**Closing Date**"), at the office of the attorneys for the Trustee,

LaMonica, Herbst & Maniscalco LLP, 3305 Jerusalem Avenue, Suite 201, Wantagh, New York 11793. The parties may mutually agree to an earlier closing date.

6. The Trustee is authorized to grant an interested party "stalking horse" rights to be the initial bidder at the Auction Sale. Should the Trustee, prior to the Auction Sale, agree to provide a bidder "stalking horse" rights, such rights and procedures will be as follows: (i) the "stalking horse" bidder shall pay to the Trustee, by bank check or certified funds, an amount equal to 10% of the "stalking horse" bid prior to the Auction Sale (the "**Stalking Horse Bid**"); (ii) the "stalking horse" bidder must execute and agree to be bound by these Bidding Procedures and a Memorandum of Sale, a copy of which is annexed hereto; and (iii) a bid by any competing Offeror for the Real Property at the Auction Sale shall be at least $25,000.00 more than the Stalking Horse Bid.

7. All applicable New York State, New York City or other real property transfer taxes, if any, incurred by the transfer of the Real Property shall be paid at closing by the Successful Bidder and the Successful Bidder expressly acknowledges same. The Successful Bidder acknowledges that he/she/they will be responsible for the completion of any ACRIS forms or applicable recording documents, if required, and fees associated in connection therewith. The Successful Bidder acknowledges that he/she/they will be responsible to adjust and pay, at closing, for any real estate taxes, water, sewer, utility or other customary adjustments

8. There is no contingency of any kind or nature that will permit the Successful Bidder to withdraw its bid and receive a return of its deposit. In connection with the Closing and the Closing Date, the Successful Bidder is hereby given notice, and expressly acknowledges that, **TIME IS OF THE ESSENCE WITH RESPECT TO THE SUCCESSFUL BIDDER'S OBLIGATION TO PAY THE BALANCE OF THE PURCHASE PRICE ON THE CLOSING DATE. FAILURE BY THE SUCCESSFUL BIDDER TO PAY THE BALANCE OF THE PURCHASE PRICE ON THE CLOSING DATE WILL RESULT IN THE TRUSTEE RETAINING THE QUALIFYING DEPOSIT/DOWN PAYMENT AND BUYER'S PREMIUM AS LIQUIDATED DAMAGES AND THE TERMINATION OF THE SUCCESSFUL BIDDER'S RIGHT TO ACQUIRE THE REAL PROPERTY UNDER THESE BIDDING PROCEDURES.**

9. The Trustee reserves the right to reject any offeror or bidder, who in the sole discretion of the Trustee, the Trustee believes is not financially capable of consummating the purchase of the Real Property. Expenses incurred by the Successful Bidder, or any competing bidder concerning any due diligence, such as obtaining title reports or environmental inspections, shall be the sole responsibility of such bidder, and under no circumstances shall the Trustee, his professionals or the Debtor's bankruptcy estate be responsible for, or to pay, such expenses.

10. The Successful Bidder shall be obligated to close title to the Real Property and there is no contingency of any kind or nature that will permit the Successful Bidder to cancel these

        Bidding Procedures. Anything to the contrary contained in these Bidding Procedures notwithstanding, the Trustee shall have the right in his sole and absolute option to adjourn the Closing Date in order to remedy any defect to title.

11. In the event that the Successful Bidder for the Real Property fails to timely tender the Down Payment, the Buyer's Premium, or otherwise perform its obligation under these Bidding Procedures, the Trustee, at his sole and absolute option, shall be authorized to contact the second highest bidder (the "**Second Bidder**") to sell the Real Property to the Second Bidder without any further notice or approval of the Bankruptcy Court, without giving credit for the Qualifying Deposit, total Down Payment, and Buyer's Premium forfeited by the Successful Bidder, and upon such other terms and conditions as the Trustee deems appropriate. Thereafter, the Second Bidder shall be deemed for all benefits and obligations to be the Successful Bidder.

12. The Trustee or the Trustee's professionals have not made and do not make any representations as to the physical condition, rents, leases, expenses, operations, value of the land or buildings thereon, or any other matter or thing affecting or related to the Real Property or this Auction Sale, which might be pertinent to the purchase of the Real Property, including, without limitation, (i) the current or future real estate tax liability, assessment or valuation of the Real Property; (ii) the potential qualification of the Real Property for any and all benefits conferred by or available under federal, state or municipal laws, whether for subsidies, special real estate tax treatment, insurance, mortgages, or any other benefits, whether similar or dissimilar to those enumerated; (iii) the compliance or non-compliance of the Real Property, in its current or any future state, with applicable present or future zoning ordinances or other land use law or regulation, or the ability to obtain a change in the zoning or use, or a variance in respect to the Real Property; (iv) the availability of any financing for the purchase, alteration, rehabilitation or operation of the Real Property from any source, including, but not limited to, any state, city or federal government or institutional lender; (v) the current or future use of the Real Property; (vi) the present and future condition and operating state of any and all machinery or equipment on the Real Property, if any, and the present or future structural and physical condition of any building thereon or its suitability for rehabilitation or renovation; (vii) the ownership or state of title of any personal property on the Real Property; (viii) the presence or absence of any laws, ordinances, rules or regulations issued by any governmental authority, agency or board and any violations thereof; (ix) any present or future issues concerning subdivision or non-subdivision of the Real Property; or (x) the compliance or non-compliance with environmental laws and the presence or absence of underground fuel storage tanks, any asbestos or other hazardous materials anywhere on the Real Property. Each bidder hereby expressly agrees and acknowledges that no such representations have been made. The Trustee is not liable or bound in any manner by expressed or implied warranties, guaranties, promises, statements, representations or information pertaining to the Real Property, made or furnished by the Trustee or any real estate broker, agent, employee, servant or other person or professional representing or purporting to represent the Trustee unless such warranties, guaranties,

promises, statements, representations or information are expressly and specifically set forth in writing by the Trustee.

13. The Real Property is being sold in accordance with 11 U.S.C. § 363, **"AS IS", "WHERE IS" IN ITS CURRENT CONDITION, WITHOUT ANY REPRESENTATIONS, COVENANTS, GUARANTEES OR WARRANTIES OF ANY KIND OR NATURE WHATSOEVER**, and free and clear of any liens, claims, encumbrances or monetary violations of whatever kind or nature, with such liens, if any, to attach to the proceeds of sale, and is subject to among other things (a) any state of facts that an accurate survey may show; (b) any covenants, restrictions and easements of record; (c) any state of facts a physical inspection may show; and (d) any building or zoning ordinances or any other applicable municipal regulations and violations thereof; (e) all leases, if any, as may exist or encumber the Real Properties or any portion thereof; and (f) environmental conditions.

14. By delivering the Qualifying Deposit, all bidders acknowledge that they have had the opportunity to review and inspect the Real Property and the form of the transfer of the Real Property that the Trustee will execute to convey the Real Property, and will rely solely on their own independent investigation and inspection of the Real Property in making their bid. Neither the Trustee nor any of his representatives make any representations or warranties with respect to permissible uses of the Real Property, including, but not limited to, the zoning of the Real Property, certificate of occupancies with respect to the Real Property, the environmental condition of the Real Property or any other matters associated thereto. All bidders acknowledge that they have conducted their own due diligence in connection with the Real Property, and are not relying on any information provided by the Trustee or his professionals.

15. The Trustee shall convey the Real Property by delivery of a Trustee's Deed.

16. The quality of title shall be that which any reputable title insurance company authorized to do business in the State of New York is willing to approve and insure. In the event that the Successful Bidder is unable to obtain title insurance than the Trustee, in his sole discretion, shall have the option to obtain title insurance on behalf of the Successful Bidder at the expense of the Successful Bidder to be paid at the Closing.

17. The Successful Bidder shall order an examination of title of the Real Property (the "**Title Report**") within five (5) days from the Auction Sale from a reputable title insurance company or abstract company doing business in the New York area. The Successful Bidder shall furnish a copy of the Title Report to the Trustee's counsel within four (4) days of the Successful Bidder's receipt of the Title Report.

18. If the Trustee is unable to deliver title to the Real Property in accordance with these Bidding Procedures for any reason whatsoever, his only obligation will be to refund the Qualifying Deposit and Buyer's Premium, if any, to the Successful Bidder, and upon such refund, the Successful Bidder will have no claim or recourse against the Trustee or the Trustee's professionals.

19. Neither the Trustee, Trustee's counsel, the Auctioneer, nor the Debtor's estate are liable or responsible for the payment of fees of any broker that has not previously been approved by Order of the Bankruptcy Court for the Eastern District of New York.

20. Nothing contained in these Bidding Procedures is intended to supersede or alter any provisions of Title 11 of the United States Code (the "**Bankruptcy Code**") or otherwise interfere with the jurisdiction of the Bankruptcy Court. All of the terms and conditions set forth in these Bidding Procedures are subject to modification as may be directed by the Trustee or by the Bankruptcy Court. The Trustee reserves the right to modify the Bidding Procedures at the Auction Sale or thereafter to maintain consistency with the provisions of the Bankruptcy Code and/or prior orders of the Bankruptcy Court.

21. These Bidding Procedures may be read into the record, or specifically incorporated therein by reference, at the Auction Sale of the Real Property. By making a bid for the Real Property, all bidders will be deemed to have acknowledged having read these Bidding Procedures and having agreed to be bound by them. Additionally, by tendering the Qualifying Deposit for the purchase of the Real Property, the Successful Bidder acknowledges having read these Bidding Procedures and having agreed to be bound by them.

22. By participating in the Auction Sale, all bidders consent to the jurisdiction of the Bankruptcy Court and any disputes concerning the sale of the Real Property shall be determined by the Bankruptcy Court.

23. The Trustee reserves his right to withdraw the Real Property from sale, either prior, or subsequent to the sale, for any reason whatsoever, as he, in his sole and absolute discretion, deems necessary or appropriate.

24. The sale of the Real Property is subject to confirmation by the Trustee and the Bankruptcy Court. The Trustee may, but shall not be obligated to, notify the Successful Bidder in writing regarding the Trustee's acceptance of its bid within four (4) business days of the Auction Sale.

25. Pursuant to Bankruptcy Rule 6004-1 no appraiser, auctioneer or officer, director, stockholder, agent, employee or insider of any appraiser of auctioneer, or relative of any of the foregoing, shall purchase, directly or indirectly, or have a financial interest in the purchase of, any property of the estate that the appraiser or auctioneer has been employed to appraise or sell.

26. These Bidding Procedures are subject to the approval of the Bankruptcy Court.

I have read these Bidding Procedures and agree to be bound by them.

Signature: _____  Date: _____

Print Name: _____

Title: _____

## MEMORANDUM OF SALE

**Successful Bid:** _____

**4% Buyer's Premium:** _____

The undersigned has this ____ day of _____, 2016, agreed to purchase the real property known as, and located at, 455 Marlborough Road, Brooklyn, New York 11216, designated block 5179, Lot 77 (the "**Real Property**"), vested in Gregory Messer, Esq. as the appointed Chapter 7 Trustee for the bankruptcy estate of Lucia Antolino a/k/a Lucia Tisoc (the "**Debtor**") for the sum of $_____, and hereby promises and agrees to comply with the bidding procedures of the sale of the Real Property, as set forth in the annexed Bidding Procedures.

_____    _____
PURCHASER (Signature)              PURCHASER (Signature)

_____    _____
PRINT NAME OF PURCHASER            PRINT NAME OF PURCHASER

_____    _____
ADDRESS                            ADDRESS

_____    _____
TELEPHONE NUMBER                   TELEPHONE NUMBER

_____    _____
FAX NUMBER                         FAX NUMBER

Received from _____ the sum of $_____ as a deposit for the purchase of the Real Property pursuant to the Bidding Procedures, except to the extent as provided in the annexed Bidding Procedures.

Gregory Messer, Esq., Chapter 7 Trustee
c/o LaMonica Herbst & Maniscalco LLP
Attorneys for the Trustee
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
(516) 826-6500

This is to verify that the offer for the Real Property is for the sum of $_____.

_____
Maltz Auctions, Inc., d/b/a Maltz Auctions

**ATTORNEY INFORMATION**

Name: _____

Address: _____

Phone: _____

E-mail: _____

*M:\Documents\Company\Cases\Antolino, Lucia\Sale Motion\Ex A - Bidding Procedures.docx*